UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ANTHONY RICCARDO,                         :      16 Civ. 4891 (LAK) (JCF)
                                          :
            Plaintiff,                    :        REPORT AND
                                          :      RECOMMENDATION
    - against -                           :
                                          :
NEW YORK CITY DEPARTMENT OF               :
EDUCATION, MINERVA ZANCA,                 :
Principal of the Pan American             :
International High School, JUAN S.        :
MENDEZ, Superintendent of Queens          :
High Schools,                             :
                                          :
            Defendants.                   :
- - - - - - - - - - - - - - - - - - -:

TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 12/2/2016

    The plaintiff Anthony Riccardo brings this action against the
New York City Department of Education (the "DOE"), Minerva Zanca,
and Juan Mendez pursuant to 42 U.S.C. § 1983; Title VII of the
Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.;
the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law
§ 296 et seq.; and the New York City Human Rights Law (the
"NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. The defendants move
to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure. For the reasons set forth below, the
motion should be granted in part and denied in part.

Background

    Mr. Riccardo was hired as the Assistant Principal of Pan
American International High School ("PAIHS") in Queens in
September 2010. (Complaint ("Compl."), ¶¶ 13, 15). Two years

later, Ms. Zanca was hired as the Principal of PAIHS. (Compl., ¶ 22). Mr. Mendez was the Superintendent of Queens County High Schools at all relevant times to the complaint. (Compl., ¶ 7).

Mr. Riccardo's duties as Assistant Principal included observing and evaluating teachers' classroom instruction. (Compl., ¶¶ 18, 21, 25). Shortly after Ms. Zanca was hired, she spoke to the plaintiff about "going after" certain teachers, particularly those who were eligible for tenure, by giving them Unsatisfactory ("U") ratings in their performance evaluations. (Compl., ¶¶ 22-23, 25). Mr. Riccardo alleges that two African-American teachers, John Flanagan and Heather Hightower, were the most "ruthlessly targeted." (Compl., ¶ 27). Ms. Zanca told Mr. Riccardo to give them "U" ratings regardless of the quality of their instruction. (Compl., ¶¶ 27-28). Mr. Flanagan received four "U" ratings between November 2012 and February 2013 despite a record of Satisfactory ("S") ratings prior to Ms. Zanca's arrival. (Compl., ¶¶ 21, 27). Mr. Riccardo alleges that Ms. Zanca "predetermined" these ratings and told him that four "U" ratings was a "magic number" to get a teacher fired. (Compl., ¶ 27). Ms. Zanca also told the plaintiff that he should not help Ms. Hightower improve as a teacher. (Compl., ¶ 29).

In January 2013, Mr. Riccardo heard Ms. Zanca make racially offensive remarks about both teachers' appearance. (Compl., ¶¶ 30, 31). Of Ms. Hightower, she stated, "she looked like a gorilla

2

in a sweater" and "[w]hat is it with her fucking nappy hair?" (Compl., ¶ 30).  Of Mr. Flanagan, she asked, "Did you see his big lips quivering?"  (Compl., ¶ 30).

In February 2013, Mr. Riccardo decided to stop complying with Ms. Zanca's "discriminatory and unethical behavior."  (Compl., ¶ 32).  He told Ms. Hightower, Mr. Flanagan, and Lisa Erika-James, another African-American teacher at PAIHS, about Ms. Zanca's conduct.  (Compl., ¶ 32).  In response, Ms. Zanca began to write up Mr. Riccardo "with the intention of giving him a 'U' rating." (Compl., ¶ 32).  In or about April 2013, the plaintiff took a leave of absence from PAIHS because of emotional distress caused by Ms. Zanca's conduct.  (Compl., ¶ 33).  He returned to work on June 6, 2013.  (Compl., ¶ 33).

In June 2013, Mr. Riccardo gave Ms. Hightower an "S" rating for the 2012-2013 school year.  (Compl., ¶ 34).  When Ms. Zanca learned of the rating, she "flew into a rage screaming and yelling" and eventually had school security officers forcibly remove the plaintiff from the building.  (Compl., ¶ 34).  Mr. Riccardo then filed a complaint about Ms. Zanca's behavior with the New York City Department of Education Office of Equal Opportunity ("OEO"). (Compl., ¶ 35).

In late June 2013, Ms. Zanca gave Mr. Riccardo a "U" rating for the 2012-2013 school year.  (Compl., ¶¶ 36, 39).  He alleges that she did so in retaliation for his speaking out against her

discriminatory actions. (Compl., ¶¶ 36, 39). In July 2013, Mr. Riccardo reported Ms. Zanca's discriminatory and retaliatory behavior, including his "U" rating, to Mr. Mendez, and the two met to discuss this shortly thereafter. (Compl., ¶ 41). Mr. Mendez took no action to address Ms. Zanca's conduct after the meeting (Compl., ¶¶ 42-43), and neither Ms. Zanca nor Mr. Mendez modified Mr. Riccardo's "U" rating. (Compl., ¶¶ 39, 46). On September 20, 2013, the plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").[1] (Compl., ¶ 44). On May 14, 2014, the EEOC determined that "there was probable cause that he was discriminated against." (Compl., ¶ 45).

On June 23, 2016, Mr. Riccardo filed this lawsuit alleging discrimination and retaliation in violation of the First Amendment to the United States Constitution, Title VII, the NYSHRL, and the NYCHRL. The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. They argue that: (1) a waiver signed by the plaintiff bars all of his claims or, in the alternative, negates a necessary element of each of his claims; (2) the First Amendment claim is barred by a three-year

---

[1] Elsewhere in the complaint, the plaintiff alleges that the EEOC complaint was filed on September 23, 2013. (Compl., ¶ 1). I will assume the September 20 date is correct because the plaintiff uses that date in his opposition to the defendants' motion to dismiss (Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss ("Pl. Memo.") at 6, 18), though the three-day difference is not dispositive of any legal issues before this Court.

statute of limitations to the extent that it is based on events that occurred before June 23, 2013; (3) the NYSHRL and NYCHRL claims against the DOE and Mr. Mendez are barred by a one-year statute of limitations and by Mr. Riccardo's failure to file a timely notice of claim; and (4) the NYSHRL and NYCHRL claims against Ms. Zanca are barred by a three-year statute of limitations to the extent that they are based on events that occurred before June 23, 2013.[2]

Discussion

    A.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court's charge in ruling on a 12(b)(6) motion to dismiss "is merely to assess the legal

---

[2] The defendants' motion to dismiss also argues that the plaintiff's Title VII claim should dismissed due to his failure to obtain a right-to-sue letter from the EEOC. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Def. Memo.") at 15). The defendants have withdrawn that claim in light of a letter from the United States Attorney's Office explaining that a right-to-sue letter is not required where, as here, the Attorney General has initiated an action against the DOE in connection with the plaintiff's claims. (Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Complaint ("Def. Reply Memo.") at 2 n.1; Letter of Natasha W. Teleanu dated Oct. 6, 2016, ("Teleanu Letter") at 1-2); see Complaint, United States v. New York City Department of Education, 16 Civ. 4291 (S.D.N.Y. June 9, 2016).

feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)). The court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

   B.   The Waiver

   The defendants attached a copy of a document entitled "Stipulation" to their motion to dismiss. (Stipulation Effective Aug. 25, 2013 ("Stipulation"), attached as Exh. 1 to Decl. of Jessica Wisniewski dated Sept. 16, 2016). The Stipulation -- purportedly signed by the plaintiff, Ms. Zanca, Mr. Mendez, and Robert Reich, a representative from Mr. Riccardo's union -- states that Mr. Riccardo would resign from his position as Assistant Principal by August 25, 2013; Ms. Zanca would issue Mr. Riccardo an "S" rating for the 2012-2013 school year; and Mr. Riccardo would "waive[] all claims against the Chancellor, the Principal, the [DOE] or any of its agents or employees . . . arising out of the unique and particular facts of this matter." (Def. Memo. at 12; Stipulation at 1-2). The defendants contend that the waiver bars

6

the plaintiff from bringing this lawsuit or, in the alternative, negates a necessary element of each of his claims.

When deciding a motion to dismiss, the court's review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). "To be incorporated by reference, the Complaint must make a clear, definite[,] and substantial reference to the documents." Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002). Here, the plaintiff did not attach the Stipulation to his complaint. He referred to it in only one paragraph, describing an EEOC decision determining that the Stipulation was "signed under pressure." (Compl., ¶ 45). Where a complaint "refers briefly in one paragraph" to a document, "[s]uch a brief reference does not qualify as clear, definite[,] or substantial." Thomas, 232 F. Supp. 2d at 276; see also Goldman v. Belden, 754 F.2d 1059, 1066 (2d Cir. 1985) ("The documents here were to some extent quoted, but limited quotation does not constitute incorporation by reference."). The passing reference to the Stipulation in the plaintiff's complaint is therefore insufficient to incorporate it by reference.

A court may, however, consider materials outside the complaint on a 12(b)(6) motion that are "integral" to the complaint.  Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006).

> In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason -- usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim -- was not attached to the complaint.

Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006).  The Stipulation arguably falls into this category of documents because the waiver contained within it, if valid, might undermine the plaintiff's claims.

For this exception to apply, however, "several conditions must be met."  Faulkner, 463 F.3d at 134.  "[E]ven if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document."  Id. (internal citations omitted); accord Alvarez v. County of Orange, 95 F. Supp. 3d 385, 396 (S.D.N.Y. 2015).  The Stipulation does not satisfy these conditions.  The plaintiff disputes "the accuracy and the relevance" of the document, contending that he was coerced into accepting the waiver of claims in order to have the "U" rating removed from his record.  (Compl., ¶ 45; Pl. Memo. at 8).  The defendants, on the other hand, argue that the waiver

8

was "knowing and voluntary." (Def. Memo. at 10-13). It would be inappropriate to resolve this factual dispute on a motion to dismiss under Rule 12(b)(6). Therefore, the Stipulation cannot be considered under the exception for documents that are "integral" to the complaint and the defendants' claims relating to the waiver contained therein should not be reached at this stage of the litigation.[3]

C.   First Amendment Claim

A three-year statute of limitations governs the plaintiff's First Amendment retaliation claims under Section 1983. Vega v. Hempstead Union Free School District, 801 F.3d 72, 79 (2d Cir. 2015); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). The defendants argue that the plaintiff's claims based on acts of retaliation that occurred before June 23, 2013 -- three years before the complaint was filed -- are barred by the limitations

_____

[3] The defendants also submitted a document purporting to show that the plaintiff received an "S" rating for the 2012-2013 school year, belying his contention that his "U" rating was never reversed. (Rating History for Instructional Staff, attached as Exh. to Decl. of Charles Peeples dated Aug. 31, 2016). The plaintiff does not mention this document in his complaint and argues that its authenticity "is controverted" by his pleadings and the fact that the document is not dated. (Pl. Memo. at 8 n.9). It therefore should not be considered as incorporated by reference or "integral" to the complaint on the defendants' motion to dismiss. See Barberan v. Nationpoint, 706 F. Supp. 2d 408, 415 (S.D.N.Y. 2010) ("The Court will not consider those documents submitted by Defendants that are not subject to judicial notice because there are disputes, even if of questionable viability, regarding [their] authenticity . . . .").

period.  "[B]ecause the defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, a pre-answer motion to dismiss on this ground may be granted only if it is clear on the face of the complaint that the statute of limitations has run."  Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (alteration in original) (quoting Fargas v. Cincinnati Machine, LLC, 986 F. Supp. 2d 420, 427 (S.D.N.Y. 2013)).

### 1.  The "U" Rating

The primary act of retaliation alleged in the complaint is the "U" rating given to Mr. Riccardo in "late June 2013."  (Compl., ¶ 39).  That language from the complaint makes it unclear whether the rating was issued before or after June 23, 2013.  Accordingly, the defendants cannot meet their burden to show that it is clear on the face of the complaint that the retaliation claim based on the plaintiff's "U" rating is barred by the statute of limitations.  This claim should not be dismissed.

### 2.  Retaliatory Acts Before June 23, 2013

It is clear on the face of the complaint, however, that some of the alleged acts of retaliation occurred before June 23, 2013.  Specifically, "Ms. Zanca began retaliating and writing him up with the intention of giving him a 'U'-rating" in February 2013 (Compl., ¶ 32), "continued through the time he took off" in April 2013, and

10

"immediately resumed when he came back in early June[] 2013." (Pl. Memo. at 13; Compl., ¶¶ 33-34).

The plaintiff argues that the "continuing violation" doctrine allows these claims to be heard.[4] (Pl. Memo. at 13). The doctrine provides that "a lawsuit that is timely as to any incident of retaliation in furtherance of an ongoing policy is timely as to all claims of acts of retaliation under that policy even if they would be untimely standing alone." Crosland, 140 F. Supp. 2d at 307 (S.D.N.Y. 2001); see also Gonzalez v. Hasty, 802 F.3d 212, 220 (2d Cir. 2015). However, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Hongyan Lu v. Chase Investment Services Corp., 412 F. App'x 413, 416 (2d Cir. 2011) (quoting Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir. 1993)); Gonzalez, 802 F.3d at 220 ("The continuing violation doctrine [] applies not to discrete unlawful

---

[4] Earlier this year, a district court in the Second Circuit held that the continuing violation doctrine does not apply to First Amendment retaliation claims under Section 1983. See Birch v. City of New York, __ F. Supp. 3d __, __, 2016 WL 2343848, at *3 (E.D.N.Y. 2016). Other district courts in this Circuit disagree with that view. See Crosland v. City of New York, 140 F. Supp. 2d 300, 307 (S.D.N.Y. 2001) (stating that "[t]he 'continuing violation' exception has been recognized not only in discrimination cases, but also more generally in section 1983 suits for retaliatory conduct" and collecting cases). There is no need to reach the issue here because, whether or not the doctrine applies to First Amendment retaliation claims generally, it does not apply on the facts of this case.

acts, even where those discrete acts are part of a 'serial violation[ ],' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." (second alteration in original) (quoting National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002)). "To bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004).

Mr. Riccardo does not allege that any of Ms. Zanca's conduct was carried out pursuant to a retaliatory policy or mechanism. Although the retaliatory acts alleged before June 23, 2013 were in large part intended to establish a foundation for the "U" rating that Ms. Zanca ultimately gave Mr. Riccardo, "discrete instances of retaliatory action, such as negative evaluations, [] do not trigger the continuing violation exception." Valtchev v. City of New York, 400 F. App'x 586, 589 (2d Cir. 2010). Therefore, the continuing violation doctrine does not apply to the plaintiff's claims of retaliatory conduct prior to June 23, 2013. These claims are barred by the statute of limitations and should be dismissed.

D.   NYSHRL and NYCHRL Claims Against the DOE and Mr. Mendez

1.   The Statute of Limitations

Claims under the NYSHRL and NYCHRL are generally governed by a three-year statute of limitations.  N.Y. Civ. Prac. Law & Rules § 214(2); N.Y.C. Admin. Code § 8-502(d); Taylor v. City of New York, __ F. Supp. 3d __, __, 2016 WL 4768829, at *5 (S.D.N.Y. 2016).  However, pursuant to New York Education Law §§ 3813(1), (2-b), a one-year statute of limitations governs NYSHRL and NYCHRL claims against school districts and their officers.  Amorosi v. South Colonie Independent Central School District, 9 N.Y.3d 367, 373, 849 N.Y.S.2d 485, 489 (2007); see also Floratos v. International Leadership Charter School Inc., No. 09 Civ. 9136, 2011 WL 291852, at *2 (S.D.N.Y. Jan. 20, 2011).  The defendants argue that the NYSHRL and NYCHRL claims against the DOE and Mr. Mendez[5] should be dismissed because they are based entirely on conduct that occurred more than one year before the plaintiff filed his complaint.  (Def. Memo. at 17-18).  The plaintiff counters that the statute of limitations was tolled during the pendency of his EEOC charge.[6]  (Pl. Memo. at 16-17).

---

[5] School superintendents are "officers" to whom the one-year statute of limitations applies.  Smith v. Tuckahoe Union Free School District, No. 03 Civ. 795, 2009 WL 3170302, at *10 (S.D.N.Y. Sept. 30, 2009).

[6] In the alternative, the plaintiff argues that the statute of limitations has not yet started to run because of the defendants' ongoing failure to reverse his "U" rating.  This

Filings with the New York State Division of Human Rights ("NYSDHR") toll the statute of limitations under the NYSHRL and NYCHRL, Penman v. Pan American Airways, 69 N.Y.2d 989, 990, 517 N.Y.S.2d 719, 719 (1987), and a timely EEOC filing is deemed filed with the NYSDHR for tolling purposes, see Siddiqi v. New York City Health & Hospitals Corp., 572 F. Supp. 2d 353, 373 (S.D.N.Y. 2008); Martinez-Tolentino v. Buffalo State College, 277 A.D.2d 899, 899, 715 N.Y.S.2d 554, 555 (4th Dep't 2000). Accordingly, numerous district courts have held that the three-year statute of limitations under the NYSHRL and NYCHRL is tolled during the period in which a complaint is pending before the EEOC. See, e.g., Taylor, __ F. Supp. 3d at __, 2016 WL 4768829, at *5; Esposito v. Deutsche Bank AG, No. 07 Civ. 6722, 2008 WL 5233590, at *5 (S.D.N.Y. Dec. 16, 2008).

Neither the Second Circuit nor the New York Court of Appeals has addressed whether an EEOC filing tolls the one-year statute of limitations on NYSHRL and NYCHRL claims against school districts

---

argument is meritless. "[A] continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act." Harris v. City of New York, 186 F.3d 243 (2d Cir. 1999). The plaintiff's position would effectively preclude the statute of limitations from beginning to run on discrimination and retaliation claims until the adverse action that forms the basis of the claims is remedied. Accordingly, the statute of limitations on the plaintiff's claim based on the "U" rating began to run when the rating was issued "in late June 2013" (Compl., ¶ 39), more than one year before he filed his complaint.

and their officers.   However, "most lower courts have held that claims against school districts and school officers are not tolled by filings with the EEOC." <u>Cincotta v. Hempstead Union Free School District</u>, 15 CV 4821, 2016 WL 4536873, at *18 (E.D.N.Y. Aug. 30, 2016) (collecting cases); <u>see, e.g.</u>, <u>Floratos</u>, 2011 WL 291852, at *3; <u>Smith</u>, 2009 WL 3170302, at *11 n.9.   Those courts reason that such tolling would be inconsistent with <u>Amorosi</u>, the New York Court of Appeals' decision holding that the one-year statute of limitations on claims against school districts and their officers in Section 3813 applies to claims under the NYSHRL and NYCHRL, and "the clear intent of the New York legislature to limit lawsuits against school districts." <u>Smith</u>, 2009 WL 3170302, at *11 n.9; <u>see also</u> <u>Floratos</u>, 2011 WL 291852, at *3.

I respectfully disagree with that reasoning. First, <u>Amorosi</u> is inapposite. It does not address whether the one-year statute of limitations on claims against school districts and their officers is tolled by an EEOC complaint -- tolling was not at issue in the case. It merely holds that the one-year statute of limitations on claims against school districts and their officers in Section 3813 applies to claims under the human rights laws. <u>Amorosi</u>, 9 N.Y.3d at 373, 849 N.Y.S.2d at 489. The conclusion of one district court that "the Court of Appeals [in <u>Amorosi</u>] held that the one year statute of limitations on claims of discrimination are [sic] not tolled by the filing of an EEOC

complaint" is simply incorrect.  See Floratos, 2011 WL 291852, at *3.

Second, the New York legislature's "clear intent" to limit lawsuits against school districts is embodied in the short statute of limitations provided for in Section 3813.  That provision is silent, however, with respect to tolling.[7]  Claims against school districts and their officers under the NYSHRL and NYCHRL, like other claims under the human rights laws, may be filed with the NYSDHR.  See Saunders v. NYC Department of Education, No. 07 CV 2725, 2010 WL 2816321, at *3, 8-9 (E.D.N.Y. July 15, 2010) (describing discrimination claims against the DOE filed with the NYSDHR).  As discussed earlier, EEOC complaints are deemed filed with the NYSDHR and toll the three-year statute of limitations under the human rights laws.  There is no apparent reason to treat

---

[7] The legislature could have expressed a clear intent to preclude tolling by classifying the limitations period as a statute of repose rather than a statute of limitations.  Statutes of repose "generally may not be tolled" because they reflect "a judgment that defendants should 'be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.'"  CTS Corp. v. Waldburger, __ U.S. __, __, 134 S. Ct. 2175, 2183 (2014) (quoting 54 Corpus Juris Secundum, Limitations of Actions § 7 (2010)).  Statutes of limitations, on the other hand, "traditionally have been subject to tolling."  Id. at 2188. Federal and state courts interpreting the language of Section 3813 uniformly classify its limitations period as a statute of limitations rather than a statute of repose.  See, e.g., Smith v. City of New York, 130 F. Supp. 3d 819, 833 (S.D.N.Y. 2015); Stepper v. Department of Education of City of New York, 104 A.D.3d 412, 413, 963 N.Y.S.2d 168, 169 (1st Dep't 2013).

such filings differently under the one-year statute of limitations that applies to claims against school districts and their officers under the human rights laws.  Therefore, the statute of limitations on the plaintiff's NYSHRL and NYCHRL claims against the DOE and Mr. Mendez was tolled during the pendency of his EEOC complaint.

A complaint is pending before the EEOC during the "period between the filing of an EEOC charge and the issuance by the EEOC of a right-to-sue letter." Denigris v. New York City Health and Hospitals Corp., 861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012).  Right-to-sue letters will be issued only "[w]hen there has been a finding of reasonable cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action."  29 C.F.R. § 1601.28(d)(1); (Teleanu Letter at 2).  Here, the plaintiff filed his complaint with the EEOC on September 20, 2013, and the EEOC made a reasonable cause determination on May 14, 2014.  (Compl., ¶¶ 44-45).  No right-to-sue letter was issued at that point because the EEOC unsuccessfully sought a resolution through conciliation and subsequently referred the charges to the United States Department of Justice.  Complaint, ¶ 46, United States v. New York City Department of Education, 16 Civ. 4291.  The Justice Department filed a lawsuit in connection with the plainttiff's claims on June 9, 2016.  See id. Accordingly, the statute of limitations was tolled between

September 20, 2013, when the plaintiff filed his complaint with the EEOC, and June 9, 2016.

The plaintiff's complaint in this case was filed on June 23, 2016, fourteen days after the Justice Department filed its lawsuit. Thus, claims of retaliation and discrimination that accrued on or after October 4, 2012 -- 351 days before the plaintiff filed his EEOC complaint -- are within the one-year statute of limitations. All of the acts of retaliation alleged by the plaintiff occurred in 2013. Therefore, the statute of limitations does not bar the plaintiff's NYSHRL and NYCHRL claims against the DOE and Mr. Mendez.

> 2.   Notice of Claim

New York Education Law § 3813 requires a plaintiff to file a notice of claim within ninety days of the claim arising in order to bring a lawsuit against a school district or its officers. See Collins v. City of New York, 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016). The defendants argue that the plaintiff's NYSHRL and NYCHRL claims against the DOE and Mr. Mendez should be dismissed for failure to file a notice of claim. (Def. Memo. at 16-17). The plaintiff concedes that he did not file a notice of claim but contends that (1) the public interest in eliminating race discrimination overrides the notice of claim requirement and (2) his EEOC complaint, OEO complaint, and letter to the DOE and Mr.

Mendez[8] together provided a sufficient substitute.  (Pl. Memo. at 15-16).

The plaintiff's public interest argument is without merit. The New York Court of Appeals has exempted plaintiffs from the notice of claim requirement in certain cases seeking to vindicate a public interest:

> [A]ctions that are brought to protect an important right, which seek relief for a similarly situated class of the public, and whose resolution would directly affect the rights of that class or group are deserving of special treatment.  The interests in their resolution on the merits override the State's interest in receiving timely notice before commencement of an action.

Mills v. County of Monroe, 59 N.Y.2d 307, 311, 464 N.Y.S.2d 709, 711 (1983).  In that case, the plaintiff "aver[red] that the county had engaged generally in unlawful discriminatory practices," but "her action [sought] relief only for her termination, which she allege[d] resulted from her opposition to the county's discriminatory practices and her race and national origin."  Id. at 312, 464 N.Y.S.2d at 711-12.  The Court of Appeals concluded that the plaintiff was not exempt from the notice of claim requirement because "the disposition of plaintiff's claim was not intended to nor could it directly affect or vindicate the rights of others."  Id., 464 N.Y.S.2d at 712.  The same is true here.

---

[8] The plaintiff's complaint does not specifically mention this letter, though it does reference multiple attempts to communicate his grievances to the DOE and Mr. Mendez.  (Compl., ¶¶ 37-38, 41).

The plaintiff's allegations include unlawful discriminatory practices against others, but he seeks relief only for retaliation against himself for speaking out against those practices. The disposition of his claims will not vindicate the rights of others. Such an action "is properly characterized as one seeking the enforcement of private rights." Id., 414 N.Y.S.2d at 712. The plaintiff therefore cannot circumvent the notice of claim requirement through the public interest exemption.

With respect to the plaintiff's second argument, the New York Court of Appeals has "repeatedly rejected . . . proposals to compromise the strict statutory notice of claim requirement because to do so would lead to uncertainty and vexatious disputes." Varsity Transit, Inc. v. Board of Education of the City of New York, 5 N.Y.3d 532, 536, 806 N.Y.S.2d 457, 459 (2005). "Despite this clear language of strict construction, both Federal and New York State courts have considered whether documents other than a notice of claim can be deemed sufficient to satisfy the Section 3813 notice of claim requirement." Brtalik v. South Huntington Union Free School District, No. 10 CV 10, 2010 WL 3958430, at *4 (E.D.N.Y. Oct. 6, 2010) (collecting cases). "Holdings in these cases . . . are not uniform." Id. However, courts in this Circuit have begun to coalesce around the rule that an EEOC complaint can satisfy the notice of claim requirement "in limited circumstances where 'the charge puts the school district on notice of the precise

claims alleged, is served on the governing board of the district (and not a different arm of the district), and is served within the statutory time period.'" Legrá v. Board of Education of the City School District of the City of New York, No. 14 Civ. 9245, 2016 WL 6102369, at *3 (S.D.N.Y. Oct. 19, 2016) (quoting Brtalik, 2010 WL 3958430, at *5); see, e.g., Bacchus v. New York City Department of Education, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015); Grenzig v. Sachem School District, 13 CV 7278, 2014 WL 11191093, at *3 (E.D.N.Y. Feb. 11, 2014).

There is insufficient information to determine whether those circumstances are present in this case. Neither the plaintiff nor the defendants indicate whether the EEOC complaint was served on the governing board of the school district[9] or whether its charges were sufficiently precise to put the school district on notice of the plaintiff's claims. It is also unclear whether the issuance of the "U" rating in "late June 2013" occurred on or after June 22, 2013 (Compl., ¶ 39), ninety days before the filing of the EEOC complaint. Without the information necessary to determine whether the EEOC complaint meets any of the preconditions to serve as a substitute for a notice of claim, dismissal for failure to file a notice of claim would be inappropriate. See Kumar v. New York

---

[9] The defendants contend that the "plaintiff concedes that he did not serve his EEOC charge upon the governing board of the district" (Def. Reply Memo. at 9), but the plaintiff makes no such concession; he merely does not plead the fact in the complaint.

City Construction Authority, No. 10 Civ. 3559, 2011 WL 5929005, at *9 (S.D.N.Y. Nov. 29, 2011) (denying summary judgment where "neither party has provided sufficient information from which this Court could conclusively determine whether [the plaintiff's] filings satisfy the section 3813 requirement"). The defendants' motion to dismiss the plaintiff's NYSHRL and NYCHRL claims against the DOE and Mr. Mendez should be denied.

     E.   <u>NYSHRL and NYCHRL Claims Against Ms. Zanca</u>

     As discussed above, the three-year statute of limitations on claims under the NYSHRL and NYCHRL is tolled during the pendency of an EEOC complaint. Here, the limitations period was tolled from September 20, 2013 to June 9, 2016. The three-year statute of limitations does not bar the plaintiff's NYSHRL and NYCHRL claims against Ms. Zanca for the same reasons that the one-year statute of limitations does not bar the plaintiff's claims against the DOE and Mr. Mendez. The defendants' motion to dismiss these claims should be denied.

<u>Conclusion</u>

     For the reasons discussed above, the defendants' motion to dismiss the plaintiff's retaliation claim under 42 U.S.C. § 1983 based on conduct prior to June 23, 2013 should be granted; the motion should be denied in all other respects. Pursuant to 28 U.S.C. § 636 (b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14)

days to file written objections to this Report and Recommendation. Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Lewis A. Kaplan, Room 2240, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          December 2, 2016

Copies transmitted this date to:

Noah Aaron Kinigstein, Esq.
Law Office of Noah A. Kinigstein
315 Broadway, Suite 200
New York, NY 10007

Danielle Marie Dandrige, Esq.
New York City Law Department
100 Church Street
New York, NY 10007

Jessica Wisniewski, Esq.
Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, Suite 2100
New York, NY 10005